**Morgan Lewis**

**Diana P. Cortes**
Partner
+1.215.963.5336
diana.cortes@morganlewis.com

September 8, 2025

**VIA ECF**

Honorable John P. Cronan, U.S.D.J.
U.S. District Court, Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

Re:   *Tulin v. JP Morgan Chase National Corporate*, et al., No. 1:25-cv-06773

Dear Judge Cronan:

We represent Defendants J.P. Morgan Chase National Corporate Services, Inc. (incorrectly identified in the caption as J.P. Morgan Chase National Corporate), J.P. Morgan Investment Management, Inc., J.P. Morgan Private Wealth Advisors LLC, JPMorgan Chase & Co., and JP Morgan Chase Bank, N.A. d/b/a Chase (collectively, "JPMC" or "Defendants") in the above-referenced action and write, pursuant to Rule 6 of Your Honor's rules to notify the Court of JPMC's anticipated motion to dismiss ("Motion") pursuant to Fed. R. Civ. P. 12(b)(6).

The bases for the Motion are summarized below.  Plaintiffs Stanley B. Tulin and Riki Tulin's Complaint (ECF No. 20) fails to state plausible claims against JPMC for any of its six causes of action: (1) negligence; (2) breach of fiduciary duty; (3) fraud; (4) aiding and abetting fraud; (5) violation of 13 Pa. C.S.A. § 4A204; and (6) breach of contract.  Crucially, the Complaint fails to meet the pleading standards required by Rule 9(b) and fails to plead essential elements of every cause of action.

**Background.**  JPMC removed this case from the Court of Common Pleas of Philadelphia County to the U.S. District Court for the Eastern District of Pennsylvania upon diversity jurisdiction.  ECF No. 1.  On August 14, 2025, Judge Quiñones Alejandro granted JPMC's motion to transfer venue to this Court based on a valid forum selection clause between the Parties.  ECF No. 16.

The allegations of the Complaint arise from a line of credit Plaintiffs sought from JPMorgan Chase Bank, N.A. that was the subject of fraudulent activities by Scott Mason, a third party retained by Plaintiffs as their independent investment advisor since the late 1990s.  *See*

**Morgan, Lewis & Bockius** LLP

2222 Market Street
Philadelphia, PA 19103-3007            +1.215.963.5000
United States                          +1.215.963.5001

Honorable John P. Cronan, U.S.D.J.
September 8, 2025
Page 2

Compl. ¶¶ 22–23, 27–28.  Plaintiffs allege that Mason fraudulently extended the line of credit and that he made unauthorized transfers on their behalf.  *See id.* ¶¶ 34, 50.  In January of 2025, Mason pled guilty to defrauding many of his clients, including Plaintiffs.  *See* ECF No. 8-5, Change of Plea/Arraignment (attached to JPMC's Motion to Dismiss as Ex. 3), at 5 ("The parties agree and stipulate that Mr. Mason has demonstrated acceptance of responsibility for his offenses.").  Mason has since been sentenced to over eight years in prison and ordered to pay almost $25 million in restitution to his victims, including Plaintiffs.  *See* Department of Justice, *Gladwyne Investment Adviser Sentenced to Over Eight Years in Prison for Defrauding Clients of More Than $23 Million*, available at https://www.justice.gov/usao-edpa/pr/gladwyne-investment-adviser-sentenced-over-eight-years-prison-defrauding-clients-more.  Mason has no relation to JPMC; he was never an employee nor contractor, nor working under the direction of JPMC.  Rather, he was Plaintiffs' own independent investment advisor and operated his own firm, Rubicon Wealth Management, LLC.  *See* ECF No. 8-5 at 6–7.

**Bases for JPMC's Motion.**  JPMC's Motion will demonstrate Plaintiffs' claims fail for a multitude of reasons,[1] summarized broadly as follows:

**First**, all claims in the Complaint are plainly premised on averments of fraud, *see, e.g.*, Compl. ¶ 40, and thus Fed. R. Civ. P. Rule 9(b) applies to all claims asserted by Plaintiffs.  *Sotheby's, Inc. v. Minor*, 2009 WL 3444887, at *7 (S.D.N.Y. Oct. 26, 2009) ("Rule 9(b) extends to all averments of fraud or mistake, whatever may be the theory of legal duty—statutory, common law, tort, contractual, or fiduciary.").  As pleaded, Plaintiffs violate Rule 9(b) in several ways, namely:

- Plaintiffs' allegations in the Complaint are premised upon "information and belief," *e.g.*, Compl. ¶ 56, in violation of Rule 9(b).  *See In re Renewable Energy Grp. Sec. Litig.*, 2022 WL 14206678, at *5 n.5 (2d Cir. Oct. 25, 2022) ("[U]nder the heightened pleading standard of Rule 9(b), pleadings cannot be based 'on information and belief.'").

- Rule 9(b) prohibits group pleading and requires individualized allegations against each defendant, which the Complaint does not do.  *See generally* Compl. (referring to Defendants as "J.P. Morgan" collectively throughout); *see also Filler v. Hanvit Bank*, 2003 WL 22110773, at *3 (S.D.N.Y. Sept. 12, 2003) (dismissing aiding and abetting claim that referred to all defendants as the "Banks" collectively).

- Plaintiffs fail to plead their claims with particularity because they do not identify the "who," "what," "where," and "when" of any purported fraudulent statements or omissions by any Defendant, as Rule 9(b) requires.  *See Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004).

---

[1] Defendants reserve their right to raise additional arguments in their forthcoming Motion if they identify additional bases for dismissal after the filing of this letter.

Honorable John P. Cronan, U.S.D.J.
September 8, 2025
Page 3

Because all claims implicate Rule 9(b), and Plaintiffs have failed to allege any claim with the particularity required by Rule 9(b), they all must fail.

**Second,** Plaintiffs' claim for aiding and abetting fraud should be dismissed because Plaintiffs have failed to plead that any individual Defendant had actual knowledge of and substantially assisted Mason's fraud. *See Berman v. Morgan Keegan & Co., Inc.*, 2011 WL 1002683, at *9 (S.D.N.Y. Mar. 14, 2011). Plaintiffs only advance conclusory allegations of scienter, *see, e.g.*, Compl. ¶ 87, but the law requires Plaintiffs to plead what JPMC actually knew; it does not matter what they could have or should have known. *See MLSMK Invs. Co. v. JP Morgan Chase & Co.*, 737 F. Supp. 2d 137, 144 (S.D.N.Y. 2010). Further, JPMC did not provide substantial assistance to Mason, but merely provided Plaintiffs with standard banking services, which cannot constitute substantial assistance. *See In re Agape Litig.*, 681 F. Supp. 2d 352, 365 (E.D.N.Y. 2010).

**Third**, Plaintiffs cannot bring a cause of action of negligence when the parties are bound by a contract. *See FPP, LLC v. Xaxis US, LLC*, 764 F. App'x 92, 93–94 (2d Cir. 2019). Plaintiffs' negligence claim is also barred by the economic loss doctrine. *See BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, 949 F. Supp. 2d 486, 505 (S.D.N.Y. 2013).

**Fourth**, Plaintiffs' breach of fiduciary duty claim is duplicative of the breach of contract claim, and JPMC did not owe Plaintiffs any fiduciary duty. *See JPMorgan Chase Bank, N.A. v. Freyberg*, 171 F. Supp. 3d 178, 191 (S.D.N.Y. 2016) ("[T]he relationship between a bank and its depositor is that of debtor and creditor, which, without more, is not a fiduciary or special relationship.").

**Fifth**, Plaintiffs are barred from advancing their Pennsylvania state law claim when the valid contract between the parties requires exclusive application of New York law. *See* ECF No. 8-4 at 8.

**Sixth**, Plaintiffs' breach of contract claim fails because they have not attached the contract or specified what provision of any contract JPMC failed to perform. *See* Compl. ¶¶ 100–06; *see also Generation Next Fashions Ltd. v. JP Morgan Chase Bank, N.A.*, 698 F. Supp. 3d 663, 673–74 (S.D.N.Y. 2023) ("[A] breach of contract claim will be dismissed where a plaintiff fails to allege the essential terms of the parties' purported contract, including the specific provision of the contract upon which liability is predicated." (citation modified)). Courts frequently dismiss breach of contract claims for failure to identify the relevant provision that was allegedly breached, refusing to accept conclusory allegations of breach. *See, e.g.*, *Swan Media Grp. v. Staub*, 841 F. Supp. 2d 804, 807 (S.D.N.Y. 2012).

**Proposed Briefing Schedule.** JPMC proposes the following deadlines for briefing on its Motion:

- Defendants' Motion:        30 days from an Order of this Court
- Plaintiffs' Opposition:    30 days after Defendants file their Motion
- Defendants' Reply:         21 days after Plaintiffs file their Opposition

Honorable John P. Cronan, U.S.D.J.
September 8, 2025
Page 4


Sincerely,

*/s/ Diana P. Cortes*

Diana P. Cortes